27 March 2026

1035 Beach Rd, D2

Buffalo, NY 14225



Judge John G. Koeltl

500 Pearl St.

New York, NY 10007

To Judge John G. Koeltl:

Re: 1:25-cv-06523, Howard v. Carter

Plaintiff would like to Thank You for providing Plaintiff Jermaine Howard an extension to file Plaintiff's Reply to Defendant's Motion to Dismiss. There must have been an interruption with the delivery of Plaintiff's mailing of the document. Plaintiff Jermaine Howard is mailing Plaintiff's Reply By U.S. Postal Mail on 27 March 2026, Defendant Shawn Jay-Z Carter's Attorney, Attorney Jordan Siev forwarded Plaintiff Howard a reply email that he (Plaintiff) received Plaintiff Howard's reply on March 11, 2026 which was before the submission deadline of March 16, 2026. Plaintiff Jermaine Howard is enclosing a copy of the reply email received from Attorney Jordan Siev. Plaintiff Jermaine Howard respectfully apologizes for any inconvenience the delay may have caused the Court.

Sincerely,

Pro Se Plaintiff Jermaine Howard

(716)436-9009

lilchooie@gmail.com

Mr. Howard,

We received your papers by mail on March 11, which was prior to the deadline. I can't speak to whether the Clerk's Office has received your filing copy.

---

**Jordan W. Siev**
**ReedSmith LLP**
**599 Lexington Avenue**
**New York, New York 10022**
**212.205.6085**
*jsiev@reedsmith.com*
**Fax 212.521.5450**
**Bio: https://www.reedsmith.com/our-people/jordan-w-siev/**

**From:** Jermaine Howard <lilchooie@gmail.com>
**Sent:** Sunday, March 22, 2026 11:20 AM
**To:** Siev, Jordan W. <JSiev@ReedSmith.com>
**Subject:** Re-Submission of Reply

Jermaine J. Howard


V.                                    1:25-cv-05623

                                      Reply To Defendant's Motion

Shawn Jay-Z Carter


## MEMORANDUM oF LAW

### The History

Pro Se' Plaintiff Jermaine Howard attests a true occurrence. Plaintiff in

the summer of 1994 came to a verbal agreement with Defendant

Shawn Jay-Z Carter to compose/write lyrics for Defendant Carter.

Plaintiff Howard was listening to a song by Rap Artist Nas. Afterwards,

Plaintiff began composing a song using partial of the chorus of Nas'

song, "The World is Yours."  Plaintiff Jermaine Howard phoned

Defendant Carter and informed Defendant of the progress Plaintiff had

1

made with composing a song for Defendant. Plaintiff and Defendant

met Defendant asked Plaintiff to acknowledge an agreement to create

a song for Defendant over a voice recorder and perform the art/song

Plaintiff confirmed the agreement over the voice recorder. Plaintiff only

had the chorus and  first verse completed and performed the art/song

over the voice recorder as directed by Defendant Shawn Carter.

In the Spring of 1995, Plaintiff was tailed down on the corner of E. Ferry

St. and Bailey Ave. Both Plaintiff and Defendant pulled over a block up

at E. Ferry and Wende St. in front of a store. Plaintiff agreed to terms of

driving to Canada to complete the song the two titled, "Dead

Presidents." Plaintiff and Defendant completed lyrics on handwritten

sheets, Plaintiff recorded a recitation of all lyrics even the ones

Defendant Carter had written.

2

## Claims

Defendant Shawn Jay-Z Carter has claims within Defendant's Motion to Dismiss against Plaintiff's Amended Complaint. First,  Defendant claims Plaintiff Jermaine Howard's Complaint should be Dismissed for the reason of Res Judicata. Res Judicata:  A legal doctrine in civil law that prevents the same parties from re-litigating a claim or cause of action that has already received a final judgement on the merits. It serves to ensure finality, conserve judicial resources parties.

Plaintiff Howard states his Complaint should not be Dismissed for Res Judicata because the original Complaint Plaintiff Jermaine Howard had against Defendant Shawn Jay-Z Carter did not receive a final

Decision just a Decision of: Dismissed.  For a Res Judicata Claim to be valid the Decision has to be a Final Order.

Elements of Res Judicata:

A case dismissed "without prejudice" is not subject to res judicata (claim preclusion), meaning the plaintiff can refile the lawsuit. Because the case was not decided on its merits , it was not decided on its merits, does not permanently bar future litigation of the same claim. It is a temporary closure, often due to procedural errors.

In the original Complaint, 1:20-cv-00417 Howard v. Carter, the decision was just Dismissed; it was not stated whether the dismissal was with or without prejudice. The initial  Judgement was Dismissed with Leave to Amend the Complaint.  Because Plaintiff Howard's initial Complaint received a Judgement of Dismissed not Dismissed with

4

prejudice or Dismissed, Final Judgement, Plaintiff Howard's

Complaint: 1:25-cv-05623 should not be dismissed for the Claim of

Res Judicata just as in the Case: Smith v. Mercer, 266 Fed Appx. 906

(2008) where the Court ruled in favor of Smith not favoring the Claim

of Res Judicata and remanded the Case back to Federal District Court,

Hughes v. Lott, 350 F. 3d 1157, 1161 (11th Cir.2003), Maymo-Melendez

v. Alvarez 364 F.3d 27,32 n.4 (1st Cir. 2004).

Second, Defendant Shawn Carter Claims Plaintiff Jermaine Howard's

Complaint should be dismissed as Time Barred. Defendant states, the

song in question, "Dead Presidents" was released over 20 years

ago and Plaintiff Howard is just now filing suit; that it is no

way possible that Plaintiff Howard could not have known

that Defendant Carter had released the song, "Dead

Presidents" for commercial sales.  Therefore, the year of

1996 was the year of release;  Plaintiff Howard had until

5

1999 to file complaint for Joint Copyright Ownership Violations.

Plaintiff Howard spent most of the year 1998 in the Erie County of New York State Jail awaiting trial for pending offenses. The stress had taken Plaintiff away from music. Plaintiff Howard was sentenced for his Drug offenses in 1999, music was the last thing on Plaintiff's mind.

In 2015, Plaintiff was reunited with Craig Sweat (Co-founder of Rocafella Records) and Rocafella Records CEO, Kareem Burke. Inmates were telling Plaintiff Howard who was 40 years old at the time that Kareem Burke stated, he knew Plaintiff Howard. Craig Sweat was a member of Plaintiff Howard's therapeutic grouping, and Mr Sweat would make illustrations in order to esteem Plaintiff Howard; However, the two were not on everyday speaking terms, Sweat and Burke were on everyday speaking terms. Kareem Burke just seemed to be someone that Plaintiff Howard knew from the past, But Burke could not be the gentleman that hung out with Plaintiff's uncle in the Perry Projects where Plaintiff's

6

grandmother lived. The rumor at the camp was Craig Sweat is Jay-Z's Cousin.

Kareem Burke made faces at Plaintiff that were familiar to Plaintiff when Plaintiff was less than in his teenage years. One summer day in 2015, Kareem Burke was sitting on a bench at the camp with his arm around Craig Sweat's shoulder. Plaintiff Jermaine Howard saw the occurrence and thought of it as a special occurrence. As Plaintiff Howard approached the doorway of the RDAP drug treatment unit, Inmate Generali, a gentleman who asked Plaintiff Howard if Plaintiff remembered him when Plaintiff first arrived to the prison, that he (Generali) was Plaintiff's uncle. Plaintiff was with an inmate Plaintiff knew from the city of Buffalo living and auto auctions. However, Generali came out pleading for Plaintiff Howard to sit next Kareem Burke on the bench and for Kareem Burke to place his arm around Plaintiff Howard as well. The request did not occur because other inmates did not feel Plaintiff Howard belonged in Sweat and Burke's company. This is how it always was, a lot of commotion

7

when dealing with Rocafella Records Members; therefore, Plaintiff Howard barely communicated with Rocafella Records Members. Plaintiff Howard and Defendant Carter were not in constant contact with each other.

Kareem Burke did not make his disclosure to Plaintiff Howard until Burke's last day at the prison upon exiting. The disclosure was that Kareem Burke and Rocafella Records owes Plaintiff Jermaine Howard Copyright Royalties for agreed upon Songwriting composing services, provided. Kareem Burke asked Plaintiff Howard if Plaintiff remembered Danielle Burke or "Your Man Jay-Z". Both names jogged Plaintiff Howard's memory: Plaintiff thought that Jay-Z can't be the same Jay-Z, OMG! However, Kareem Burke, stated his way of obtaining copyright royalties would be different than Plaintiff Howard's would. Therefore, Kareem Burke could not provide Plaintiff Howard any assistance and wished Plaintiff Good Luck! Plaintiff never seen Burke again after this occurrence and was told Burke was released that day. Plaintiff received reassurance in 2017 from Craig Sweat. In

8

2018, Craig Sweat spoke to Plaintiff Howard's retained Attorney, Thomas View, ESQ with reference to Plaintiff Jermaine Howard being owed Copyright Royalties for songs authored. Plaintiff Jermaine Howard filed Complaint No. 1:20-cv-00417 in 2020. The filing was within the three year statute of limitations under the Discovery Rule for Copyright Violations. Plaintiff Howard has a summary of service which displays the Service that Attorney, Thomas View, ESQ Provided Plaintiff Howard as Exhibit #1.

Discovery Rule:  The three year statute of limitations for filing an infringement lawsuit begins when the copyright owner discovers or reasonably should have discovered, the infringement  rather when the infringement actually occurred.

Plaintiff Jermaine Howard's formal awareness that Defendant Shawn Jay-Z Carter had taken the Plaintiff and Defendant's Copyrighted Music and had it licensed for commercial sales was not until Plaintiff was made aware of the situation in 2015. However, Plaintiff was still

incarcerated and could not act upon the situation until 2017. Plaintiff Jermaine Howard seeks the Discovery Rule to be implied because the way CEO, Kareem Burke explained, a violation had to have taken place and in 2015 is when Burke explained; plaintiff Howard was released in May of 2017 from incarceration. The Discovery Rule can apply as the Discovery Rule applied in Warner Chappell Music, Inc. v. Nealy (2024). Sohm v. Scholastic Inc. 959 F. 39-2020, District Court Applied Discovery Rule rather than Injury Rule,  Starz Ent. LLC v. MGM Domestic. Television Dist. LLC 39  Fth 1236, 1244 (9th. Cir. 2022)

Plaintiff Jermaine Howard sees the Separate Accrual Rule as a means of surviving Defendant Shawn Jay-Z Carter's Motion to Dismiss: Time Barred Claim.

Separate Accrual Rule: The Separate -Accrual Rule in music copyright dictates that each instance of illegal downloading or distribution constitutes a new, independent act of infringement.

10

Defendant Shawn Jay-Z Carter's unauthorized use of the Copyrighted song, "Dead Presidents" by re-recording and licensing the song for commercial sale without informing Joint Copyright Owner, Plaintiff Jermaine Howard resulted in mass record sales which continue to accrue today. The song in question, "Dead Presidents" is a very popular song for downloading on internet Apps such as YouTube, Tidal and Amazon Music. Exhibit #2 is a screenshot of a YouTube recordation of the popularity of the song, "Dead Presidents" by showing when the song was placed on YouTube for viewing, the last viewing date and how many views the song in question has received since the posting date. The posting of the video is within the three year Statute of Limitations of filing Unauthorized Licensing Complaint. APL Microscopic, LLC v. United States, 2019, Oracle Am., Inc. v. Hewlett Packard Enter. Co. 971 F. 3d 1042, 1047 (9th Cir. 2020), Howard v. Pearl (2021) Cases which supports Plaintiff Howard's claim of his complaint being filed in a timely manner.

11

Defendant Shawn Jay-Z Carter since the filing of this Complaint: 1:25-cv-05623 has re-released the song in question, "Dead Presidents" for more commercial sales excluding Joint Copyright Owner, Plaintiff Jermaine Howard. The re-release of the song in question, "Dead Presidents" was released on February 20, 2026. Under 17 U.S.C. 507(b), A re-release of music generally starts a new three year window for the Statute of Limitations. Exhibit #3 illustrates this ruling in a screenshot from an internet website. Plaintiff entry of Discovery Rule, Separate Accrual Rule and Re-release of Music Rule deems Plaintiff Jermaine Howard's Complaint as filed timely.

Exhibit #4, Displays two screenshots of the re-release of the song in question, "Dead Presidents."

Third, Defendant Shawn Jay-Z Carter claims Pro Se Plaintiff Jermaine Howard does not possess a U.S. Copyright Registration. Plaintiff Howard received a verbal request in the Spring of 1994 to write songs for Defendant Carter

12

because Defendant needed art to pursue a "Parenting Deal" for his independent Record Label, Rocafella Records. Plaintiff Howard agreed to write songs, however, the type of song that was needed was a song to depict Defendant Carter's lifestyle at present. Pro Se Plaintiff Jermaine Howard agreed to compose lyrics that depicted Defendant Carter's lifestyle as of current (in 1994). The verbal agreement implied that Carter would make additions and corrections where needed; he (defendant Shawn Jay-Z Carter) wanted to view Defendants lifestyle from a third party's view, it was important. The agreement was verbally recorded on a small hand held cassette recording device. The agreement and the performance of the song, Defendant Carter titled, "Dead Presidents", Defendant stated would begin copyrights for the song, "Dead Presidents and entitle both parties, Defendant Shawn Jay-Z Carter and Plaintiff Jermaine Howard to be Co-Authors of "Dead Presidents" and Joint Copyright Owners.

This statement is within congruency of 17 U. S. Code, 114 Scope of Exclusive Rights in Sound Recordings. The

agreement which entitles Defendant Shawn Jay-Z Carter and Plaintiff Jermaine Howard is similar to the arrangement in case (s): Childress v. Taylor, 945 F. 2d 500 (1991), Maurel v. Smith, 220 F. 195 (S.D.N.Y 1015), aff'd 271 F. 211 (2d Cir. 1921),  Edward B. Marks Music Corp.  v. Jerry Vogel Music Co., 140 F. 2d 266, 267 (2d Cir. 1944)

Plaintiff Howard and Defendant Carter's initial agreement and recordings were completed in the Spring of 1995 and was U.S. Copyright Office Registered that year. Plaintiff Jermaine Howard has a Notarized statement from his 1:20-cv-00417 of the events leading up to the song, "Dead Presidents" being U.S. Copyright Registered, being presented as Exhibit # 5.

Plaintiff Jermaine Howard has received Plaintiff's U.S. Copyright Registration Certificate by U.S. Postal Mail. Plaintiff at the request of Defendant Shawn Jay- Z Carter used a "Pen Name" for the Registration for Security purposes. Defendant stated, he ( Defendant Carter) has great expectations and may not be able to Secure Plaintiff

14

Jermaine Howard from financial predators in the future. Plaintiff Howard chose to use the Pen Name, "Lil Lu Lu" on the U.S. Copyright Registration. Under the U.S. Copyright Act, Circular 32: Authors can legally use a pen name (pseudonym) on their work, copyright notices and registration. Plaintiff Howard's real name and signature was on the handwritten notes as well as Plaintiff Jermaine Howard's real voice stating Plaintiff's real name was recorded on the black recording device possessed by Defendant Shawn Jay-Z Carter. The following Cases support Plaintiff Howard's Truths, Thaler v. Perlmutter, No. 22-cv-1564 (D.D.C. 2023/2025), Petrella v. MGM, Inc. 572 U.S. 663 (2014), where Copyright Registrants used "Pen Names" to register their U.S. Copyright Registration.

Plaintiff Jermaine Howard is presenting Plaintiff's U.S. Copyright Documents as Exhibit # 6. Plaintiff Howard sees the presentation of Plaintiff's U.S. Copyright Registration Certificate as legal proof to make Plaintiff Jermaine Howard's Statement of Claim true providing means to

15

survive Defendant's Motion to Dismiss and look to begin the Discovery Process, 26f Conference. These efforts are supported by the following Cases, Rotten Records, Inc. v. Doe, 108 F. Supp. 3d 132 (2015), Catlin v. Global, No. 14-cv-6324L, 2014 WL 3955220, at 2 (WDNY. AUG. 13, 2014), MOB Music Pub v. Zanzibar on the Waterfront, LLC 698 F. Supp. 2d 197 (2010) where more evidence was needed after Copyright Ownership was established, through Discovery. Plaintiff's Discovery and Summary Judgement was Granted.

## Infringement?

Defendant Shawn Jay-Z Carter's Claim is that Copyright Owners cannot infringe upon their own work/copyright. Under 17 U.S.C. 506(a) and 18 U.S.C. 2319, a joint copyright owner can be held criminally liable for infringing on their co-owners if they willfully reproduce or distribute the work for commercial advantage or private financial gain, exceeding their non-exclusive rights. While co-owner can generally use the work, they cannot legally violate their joint owners'

16

exclusive rights, such as by selling, licensing, or exploiting the work in a manner that infringes.

Defendant Carter has used the song in question, "Dead Presidents" for personal profit through commercial sales. The sales for the song in question, "Dead Presidents" equated a first year of sales of 500,000 copies. The Criminal Thresholds: While not directly applying to co-owner disputes, unauthorized reproduction/distribution of at least 10 copies or >$2,500 value in 180 days is the threshold for federal criminal copyright infringement. Defendant Shawn Jay-Z Carter has violated the elements of Criminal Threshold by attaining personal sales of <500,000 copies and attaining personal sales of <$1M. Exhibit #7 displays record sales for the song in Question, "Dead Presidents" first year of sales. These reports prove that Defendant Shawn Jay-Z Carter Criminally Infringed upon the Rights of Defendant's Joint Copyright Owner/Co-Author of "Dead Presidents" by not accounting and dividing profits with Joint Copyright Owner, LiL Lu Lu the pen name used for Jermaine Jevon

17

Howard/Plaintiff. Cases which support Plaintiff Howard's rebuttal, Best Buy IPTV Case (2024), MGM Studios, Inc. v. Grokster, Ltd. 545 U.S., 913, 125 S. CT. 2764, 162 L. Ed. 2d 781, 04-480 (2005), Gross v. Van Dyke Gravure Co. 230 F. 412, 144 C.C.A. 554, 94, 94(1916).

## Conclusion

Pro Se Plaintiff Jermaine Howard Prayers are that Plaintiffs rebuttals are strong enough to Survive Defendant's Motion to Dismiss and pursue Pre 26f Conference Subpoena (s) and FRCP Rule 26 Discovery.

The foundational Supreme Court Case requiring courts to construe pleadings from pro se plaintiffs in the most favorable light Haines v. Kerner, 404 U.S. 519 (1972)

I attest that all statements within this document are true, punishable by the Laws of Perjury.

Electronic Signature:

Jermaine J. Howard     6 March 2026

19

Outlook

## Fw: Confirmation of 2019 Work Performed

From Jermaine Howard <jhoward4@buffalo.edu>
Date Tue 11/11/2025 5:37 PM
To    Jermaine Howard <lilchooie@gmail.com>

**From:** Thomas View <viewt@temvicybersecurity.com>
**Sent:** Monday, November 10, 2025 10:48 PM
**To:** Jermaine Howard <jhoward4@buffalo.edu>
**Subject:** Confirmation of 2019 Work Performed

[You don't often get email from viewt@temvicybersecurity.com. Learn why this is important at
                                        ]

Dear Mr. Howard,

I am writing to confirm the nature and scope of the work I performed for you during the 2019 timeframe.

The engagement consisted of an initial legal investigation into claims of authorship, including client intake, discussions with Craig Sweatt, and preliminary legal research to assess the viability of any potential claim you might have for songwriting royalties.

Based on that initial review, we expressed the provisional opinion that—based on your ability to prove representations made by you—that your facts might support viable claim.

The agreed-upon fee for this engagement was a flat amount of $1,700, based on an hourly rate of $400. While the arrangement anticipated approximately 4.2 hours of work, the actual time devoted to the matter totaled roughly six hours. The additional time and effort were not billed, and the fee remained fixed at the original amount.

Sincerely,

Thomas View, Esq.

Sent from my iPhone

Exhibit #1



## Description                                    ✕

### Dead Presidents II

| **135K** | **12,548,546** | **2019** |
|:---:|:---:|:---:|
| Likes | Views | Aug 21 |

Provided to YouTube by Roc-A-Fella

Dead Presidents II · JAY-Z

Reasonable Doubt

℗ 1996 S. Carter Enterprises, LLC., Distrib...**more**

### JAY-Z store                              ⋮
From Merchbar

 JAY-Z LP - Brooklyn Don - Instrumentals (...

 JAY-Z LP Vinyl Record LP Album - Vol. 2 ...

 JAY-Z CD - The ...     Limited shipping areas

Exhibit #2



# billboard

# JAY-Z RELEASES OG VERSION OF 'DEAD PRESIDENTS' ON STREAMING SERVICES TO CELEBRATE 30TH ANNIVERSARY

Hov added the umlaut to his name and kicked off the 30th anniversary *Reasonable Doubt* rollout.

By **Michael Saponara**

     



Get real-time updates when an expert does your taxes

INTUIT turbotax

Learn more


Exhibit #3





The original version of Jay-Z's "Dead Presidents" was re-released on streaming platforms for the first time on **February 20, 2026**.
Marking the 30th anniversary of its original 1996 release, the song was also re-released in physical formats including vinyl, CD, and cassette, featuring the original Roc-A-Fella Records artwork.

Key details of the re-release:

- **Significance:** This is the first time the original "OG" version (often called "Dead Presidents I") has been officially available on digital streaming services.

- **Context:** The release celebrates 30 years since the song first dropped on February 20, 1996, as a precursor to his debut album, *Reasonable Doubt*.

Ask anything

Home          Images     Notificati...    Activity



United States District Court
Western District of New York

Jermaine Jevon Howard "Chooie"
Plaintiff

     V.                        _____1:20-cv-00417 (JLS)

Shawn Jay-Z Carter
Defendant

Plaintiff Jermaine Jevon Howard truthfully states that in the summer of 1995 (June),
Plaintiff Howard was flagged down as Plaintiff Howard was stopped at a red light at the
corner of Bailey Ave. and E. Ferry St. Buffalo, NY. Plaintiff Howard was asked to pull
over on E. Ferry St. by Defendant Shawn Jay-Z Carter who was accompanied by Craig
Sweat. Defendant asked Plaintiff Howard to follow him (Carter) to help Defendant
Shawn Jay-Z Carter complete a Rap Song Defendant Carter titled, "Dead Presidents".
Plaintiff Howard, driving a red Ford Taurus, followed Defendant Carter who was driving
a white Nissan Maxima from Buffalo, NY to a polished metal trailer home in Fort Erie,
Ontario Canada. This is where Plaintiff Jermaine Jevon Howard completed writing and
voice recorded a song Defendant Carter titled, "Dead Presidents"

Dated This the \_\_\_\_27ᵗ\_\_\_\_ Day of \_\_July\_\_\_\_\_ 2022

_____
Signature of the Affiant

State of New York
County of Erie
SWORN to subscribed before me\_\_\_\_\_27ᵗʰ\_\_\_ This Day of \_\_July\_\_\_\_\_ 20 22

_____
Notary Republic       JOSEPH W. WISNOS···
                        No. 01WI6190688
                        Notary Public, State of ···
                        My Commission Expires ··· 2024

My Commission Expires

7/28/2024

<strong>Exhibit #5</strong>

![Outlook] **Outlook**

## In Search of Copyright Registration

**From** Jermaine Howard <jhoward4@buffalo.edu>

**Date** Thu 12/11/2025 6:48 AM

**To** copycerts@copyright.gov <copycerts@copyright.gov>

📎 2 attachments (1 MB)
Screenshot_20251211-063704.png; Screenshot_20251211-064538.png;

To The Representative in Authority:
Hello, I hope this message reaches you in the Best of Spirits. I am messaging because I received a letter by U.S. Postal Mail stating that I would have to contact your office to have my inquiry completed and provided to me. I was making a request of a copy of my handwritten lyrics and a Certificate of Registration for our submission of "Dead Presidents" Registration # PA1-996-964.
I am attaching a photo of the letter sent to me by the Copyright Office: Records Research and Certification Department. I am acting as a Co-Author/Joint Copyright Owner. I have a Complaint in the Southern District of New York Federal Court, 1:25-cv-05623. I am forwarding an email from another Department which referred me back to your Department. Your assistance with this matter is very much appreciated. Happy Holidays!
Sincerely,
Jermaine Howard
(716)436-9009
jhoward4@buffalo.edu

This attachment contains the contact information for person who referred me back to your office,
Thanks.
Jermaine

Exhibit #6

**JERMAINE HOWARD**
**2939 MAIN STREET**
**APT. 157**
**BUFFALO, NY  14214**

Exhibit #6

**UNITED STATES COPYRIGHT OFFICE**

# Receipt of Payment

**RECORDS RESEARCH & CERTIFICATION**

| | |
|---|---|
| Name: JERMAINE HOWARD | Completed Date: February 20, 2026 |
| Address: 2939 MAIN STREET | Service Request No.: 1-15075810264 (DESC) |
| APT. 157 | Registration No.: PA 1-996-964 |
| BUFFALO, NY 14214 | Title: DEAD PRESIDENTS II |
| Phone: (716) 436-9009 | Other: |

| Service | Unit Price | Quantity | Fee | Amount Paid |
|---|---|---|---|---|
| **Estimate** | | | | |
| Estimate for retrieval *(to be credited toward request)* | $200.00 | | $ 0.00 | |
| **Retrieval Services** | | | | |
| Physical deposit | $200.00 per hour *(1 hour min.)* or per 6 | | $ 0.00 | |
| Electronic deposit | $200.00 per hour *(half hour min.)* | | $ 0.00 | |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Electronic application | $200.00 per hour *(half hour min.)* | | $ 0.00 | |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Physical correspondence | $200.00 per 6 | | $ 0.00 | |
| Electronic correspondence | $200.00 per hour *(half hour min.)* | | $ 0.00 | |
| Each additional 15 minutes | $50.00 | | $ 0.00 | |
| Retrieval for inspection of correspondence (physical) | $200.00 | | $ 0.00 | |
| Retrieval for inspection of correspondence (e-file) | $200.00 per hour *(half hour min.)* | | $ 0.00 | |
| Retrieval for inspection of deposit (physical) | $200.00 | | $ 0.00 | |
| Retrieval for inspection of deposit (e-file) | $200.00 per hour *(half hour min.)* | | $ 0.00 | |
| **Copy Services** | | | | |
| Additional certificate | $55.00 | 1 | $ 55.00 | $ 55.00 |
| Copy of Registration | $12.00 | | $ 0.00 | |
| Copy of Recordation | $12.00 | | $ 0.00 | |
| Copy of Application | $12.00 | | $ 0.00 | |
| Copy of Correspondence | $12.00 | | $ 0.00 | |
| Copy of Deposit- Black and White or Color | $12.00 | | $ 0.00 | |
| Copy of Deposit- CD/DVD, Audio Cassette, Flash Drive, VHS | $12.00 | | $ 0.00 | |
| **Additional Services** | | | | |
| Litigation statement | $100.00 per statement | | $ 0.00 | |
| Certification | $200.00 | | $ 0.00 | |
| Double certified certificates | $255.00 | | $ 0.00 | |
| Expedited service | $500.00 per hour | | $ 0.00 | |
| Overnight shipping (FedEx) | $45.00 | | $ 0.00 | |
| Fax | up to 7 pages *($7 min.)* | | $ 0.00 | |
| Each additional page | $1.00 per page | | $ 0.00 | |
| Public photocopying | $0.25 per page | | $ 0.00 | |
| Outside Service (DUPL/MBRS) | $ | | $ 0.00 | $ 0.00 |
| **Search Services** | | | | |
| Search estimate | $200.00 | | $ 0.00 | |
| Litigation search | $200.00 per hour | | $ 0.00 | |
| Inspection search | $200.00 per hour | | $ 0.00 | |
| Search report | $400.00 first 2 hours *(2 hour min.)* | | $ 0.00 | |
| Each additional hour | $200.00 | | $ 0.00 | |
| **Other Services** | | | | |
| | $ | | $ 0.00 | |
| | | Total Fee | $ 55.00 | |
| | | Total Amount Paid | | $ 55.00 |
| | | Refund | | $ 0.00 |

U.S. Copyright Office · Library of Congress · 101 Independence Avenue SE · Washington, DC 20559 · www.copyright.gov

REVISED: 07/2021

Exhibit #6

Additional Certificate (17 U.S.C. 706)

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

**Registration Number**

## PA 1-996-964

**Effective Date of Registration:**
December 20, 2013

## Title

| | |
|---|---|
| **Title of Work:** | Dead Presidents II |
| **Title of Larger Work:** | Reasonable Doubt recorded by Jay Z<br>Date on Copies: 6/18/1996 |

## Completion/Publication

| | |
|---|---|
| **Year of Completion:** | 1995 |
| **Date of 1st Publication:** | June 18, 1996 |
| **Nation of 1st Publication:** | United States |

## Author

| | |
|---|---|
| **Author:** | Shawn Carter |
| **Author Created:** | music, lyrics |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

| | |
|---|---|
| **Author:** | Nasir Jones |
| **Author Created:** | music, lyrics |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

| | |
|---|---|
| **Author:** | Peter Phillips |
| **Author Created:** | music, lyrics |
| **Work made for hire:** | No |
| **Citizen of:** | United States |
| **Domiciled in:** | United States |

| | |
|---|---|
| **Author:** | David Willis |
| **Author Created:** | music, lyrics |
| **Citizen of:** | United States |

## Copyright Claimant

| | |
|---|---|
| **Copyright Claimant:** | Lil Lu Lu Publishing |

Page 1 of 2

Exhibit #6

**Registration #:** PA0001996964
**Service Request #:** 1-1080989274

Warner Bros. Music
Christopher George
10585 Santa Monica Blvd
Los Angeles, CA 90025 United States

Exhibit #6



UNITED STATES COPYRIGHT OFFICE

James Madison Memorial Building
Records Research and Certification Division
101 Independence Avenue SE
Washington, DC 20559-6106

JERMAINE HOWARD
2939 MAIN STREET
APT. 157
BUFFALO, NY 14214

# IMPORTANT
## ATTN: DATED DOCUMENT ENCLOSED

# FIRST CLASS

Exhibit #6

                                            ✕

first year sales of Jay-Z dead presidents

 +1                                         ⋮

Jay-Z's "Dead Presidents"
(released February 1996) saw
significant success as a 12"
maxi-single, with the RIAA
certifying it Gold on June 14,
1996, indicating **250,000**

**copies sold** (or 500,000 units shipped based
on different industry standards). The single
peaked at #4 on the Billboard Hot Rap Tracks
chart and #50 on the Billboard Hot
100. ᴡ Wikipedia +3

Key details regarding "Dead Presidents" sales
and impact:

- **Release Context:** Released as a
  promotional single for his debut album,
  *Reasonable Doubt.*

- **Chart Position:** The song was a major hit

Ask anything                            🎤

                                    
Home         Search         Images         Notificatio...         Activity

EXhibit #17

FROM:

Jermaine Howard

1035 Beach Rd #D2

Buffalo, NY 14225

2026 MAR 30  PM 3: 52

RECEIVED
MAR 30 2026
PRO SE OFFICE

USM 4P
SDNY

RECEIVED
SDNY PRO SE OFFICE

TO:

Pro Se Intake Unit

United States Courthouse

500 Pearl St.

New York, NY 10007