**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JERMAINE J. HOWARD,**

**Plaintiff,**

**- against -**

**SHAWN "JAY-Z" CARTER,**

**Defendant.**

**25-cv-5623 (JGK)**

**Memorandum Opinion and Order**

**John G. Koeltl, District Judge:**

The pro se plaintiff, Jermaine J. Howard ("Howard"), brought this action against Shawn Carter ("Carter"), also known as "Jay-Z," asserting claims of copyright ownership and infringement under the Copyright Act, 17 U.S.C. § 101, based on the song "Dead Presidents" and its subsequent iterations, which Howard claims to have co-authored. See Am. Compl. 2, 5–6, ECF No. 33.

Carter moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Def.'s Mot. to Dismiss, ECF No. 35. For the reasons explained below, the defendant's motion to dismiss is **granted**.

## I.

Unless otherwise noted, the following facts are taken from the Amended Complaint and are accepted as true for purposes of the current motion.

Howard alleges that Carter asked him to write and record a verse for the song "Dead Presidents" in 1994. Am. Compl. 12. The song was allegedly completed in 1995, and Carter registered the lyrics and recording with the United States Copyright Office. Id. Howard claims that he was listed as a co-owner of

the copyright for the song, registered in 1995, under the pseudonym "Lil Lulu." Id. at 8–9, 12. Howard attaches to the Amended Complaint an email he sent to the U.S. Copyright Office requesting a certificate of registration for "Dead Presidents." Id. at 19. However, the Amended Complaint does not attach any response from the Copyright Office confirming that he holds a certificate of registration. See id. at 19–38. Instead, Howard attaches to his opposition brief a Certificate of Registration for "Dead Presidents II," which lists "Lil Lu Lu Publishing" as a copyright claimant. Pl.'s Opp'n 31, ECF No. 43.

Howard claims that his prolonged incarceration complicated both his ability to discover his alleged entitlement to copyright royalties and his ability to file a lawsuit. Am. Compl. 12–13. Howard alleges that he did not discover he was owed copyright royalties until 2015, when he spoke with Kareem "Biggs" Burke while incarcerated. Id. at 10, 12–13. Howard further claims that he was unable to file suit until his release in 2017 due to alleged harassment while in detention. Id. at 13.

On August 7, 2020, Howard first sued Carter in the United States District Court for the Western District of New York (the "W.D.N.Y."), asserting claims of breach of contract and copyright ownership[1] related to several albums released by Carter, including Reasonable Doubt, In My Lifetime, and Hard

[1] Howard initially pleaded a copyright-infringement claim, but the court concluded that the claim was misclassified. Howard v. Carter ("Howard I"), 615 F. Supp. 3d 190, 194 (W.D.N.Y 2022). The court construed the claim as one for copyright ownership because Howard was "claiming ownership over a copyright owned by someone else and [was] seeking royalty payments in virtue of his asserted ownership." Id.

Knock Life. Id. at 9; Howard v. Carter ("Howard I"), 615 F. Supp. 3d 190, 192–93 (W.D.N.Y 2022). Judge John L. Sinatra, Jr., dismissed the complaint, concluding that Howard's copyright-ownership claims were barred by the three-year statute of limitations, but granted Howard leave to amend the copyright claim. Howard I, 615 F. Supp. 3d at 194–96.

On August 3, 2022, Judge Sinatra dismissed Howard's amended copyright claim, observing that Howard's additional allegations did not explain why the claim is subject to equitable tolling and therefore did not cure the statute-of-limitation defect. Howard v. Carter ("Howard II"), No. 20-cv-417, 2022 U.S. Dist. LEXIS 139148, at *1–3 (W.D.N.Y. Aug. 3, 2022); Decl. Siev 3, Ex. C, ECF No. 36-3. Howard II did not expressly state whether the dismissal was with or without prejudice. 2022 U.S. Dist. LEXIS 139148, at 2; see also Am. Compl. 9. The Court of Appeals for the Second Circuit affirmed, holding that Howard's claim "lack[ed] an arguable basis either in law or in fact." Howard v. Carter, No. 22-1557, 2022 WL 18283303, at *1 (2d Cir. Nov. 17, 2022).

On February 21, 2024, Howard commenced a separate diversity action against Carter in W.D.N.Y., asserting defamation claims. Howard v. Carter ("Howard III"), No. 23-cv-159, 2024 WL 4573767, at *1 (W.D.N.Y. Oct. 24, 2024). On October 24, 2024, the court granted the defendant's motion to dismiss, with leave for Howard to amend the complaint. Id.

The present case marks the third lawsuit Howard has brought against Carter in the last five years. See Def.'s Mem. Supp. Mot. Dismiss ("Def.'s Mem.") 2, ECF No. 37. In this action, Howard again asserts claims of copyright

ownership and infringement, this time based specifically on the song "Dead Presidents," and its subsequent iterations "Dead Presidents II," and "Dead Presidents III." See Am. Compl. 6. Those claims are similar to the claims asserted in Howard I and Howard II, except that Howard now focuses on specific songs rather than the broader set of albums at issue in the prior action. "Dead Presidents" is included on the album Reasonable Doubt, which was the subject of Howard's copyright claim in Howard I and Howard II. See Am. Compl. 31.

Howard filed his initial complaint before this Court on July 7, 2025. Pl.'s Compl., ECF No. 1. He filed the Amended Complaint on February 5, 2026. See Am. Compl. The defendant now moves to dismiss the Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). See Def.'s Mot. to Dismiss, ECF No. 35.

## II.

To survive a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This Court accepts the allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir.

[2] Unless otherwise noted, this Memorandum Opinion and Order omits all internal alterations, citations, footnotes, and quotation marks in quoted text.

2007). Although the Court must construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152–53 (2d Cir. 2002).

A pro se plaintiff's pleadings are held to "less stringent standards" and must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But the Court may not read into the complaint factual allegations that are not there. See Iqbal, 556 U.S. at 678..

**III.**

The defendant first argues that Howard's claims are barred by res judicata because Howard previously litigated the same claims before Judge Sinatra in the W.D.N.Y. See Def.'s Mem. 6–9 (citing Howard I, 615 F. Supp. 3d 190; Howard II, 2022 U.S. Dist. LEXIS 139148).

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." TechnoMarine SA v. Giftports, Inc.,

758 F.3d 493, 499 (2d Cir. 2014). A defendant asserting the affirmative defense of res judicata must show that "(1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiffs or those in privity with them; [and] (3) the claims asserted in the subsequent action were, or could have been, raised in the prior action." Id. (quoting Monahan v. N.Y.C. Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000)).

As an initial matter, the parties do not dispute that the previous action involved the plaintiff. Moreover, because "Dead Presidents" is a song included on the album Reasonable Doubt, see Am. Compl. 30–31, there is no question that Howard's copyright claims concerning "Dead Presidents" could have been raised in the prior action.

Instead, Howard argues that there was no final judgment on the merits because Howard II did not explicitly state that the dismissal was with prejudice. Am. Compl. 9. But that argument is foreclosed by Federal Rule of Civil Procedure 41(b). Rule 41(b) provides that, "[u]nless the dismissal order states otherwise," an involuntary dismissal, and "any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). In other words, the default rule is that an involuntary dismissal is with prejudice and therefore on the merits, unless the dismissal order provides otherwise or one of the listed exceptions applies. See Kern v. Hettinger, 303 F.2d 333, 341 (2d Cir. 1962) ("[I]n view of the unequivocal language of Rule 41(b), and the absence of the words 'without prejudice,' we must and do decide that

the dismissal was on the merits and that it was intended to be on the merits."). Because Howard II did not explicitly state that the dismissal was without prejudice, and because none of Rule 41(b)'s exceptions apply, the dismissal of Howard's claims operated as an adjudication on the merits. Accordingly, Howard II bars this action.

**IV.**

Moreover, a copyright claim cannot be maintained unless the suit is "commenced within three years after the claim accrued." 17 U.S.C. § 507(b). A claim of copyright co-ownership "accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right." Gary Friedrich Enters., LLC v. Marvel Characters, Inc., 716 F.3d 302, 316 (2d Cir. 2013). A plaintiff is put on inquiry when "plain and express repudiation of co-ownership is communicated to the claimant," such as when "alleged co-owners learn they are entitled to royalties that they are not receiving." Id. at 317. By contrast, copyright infringement claims are subject to the separate-accrual rule: a new claim may accrue when a defendant commits a new act of infringement. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 671 (2014).

Courts distinguish between ownership and infringement claims by evaluating:

> (i) whether the plaintiff concedes in any filings that questions of ownership and authorship are at the heart of the claim; (ii) whether the plaintiff's copyright ownership is conceded by the defendant; and (iii) whether the lawsuit is between two parties who claim ownership of the copyrights.

Roberts v. BroadwayHD LLC, No. 19-cv-9200, 2022 WL 976872, at *8 (S.D.N.Y. Mar. 31, 2022).

In Howard I, Judge Sinatra correctly construed Howard's copyright claims as copyright-ownership claims because Howard was "claiming ownership over a copyright owned by someone else and [was] seeking royalty payments in virtue of his asserted ownership." 615 F. Supp. 3d at 194. Howard does the same in this case: he alleges that he composed Carter's debut single "Dead Presidents" and seeks royalties based on that alleged ownership. See Am. Compl. 5–6, 8, 11–12. Accordingly, Howard's claims are properly construed as copyright-ownership claims, for which the separate-accrual rule is unavailable. See Kwan v. Schlein, 634 F.3d 224, 228 (2d Cir. 2011) ("An ownership claim accrues only once.").

Howard's copyright ownership claim is barred by the statute of limitations, even giving Howard the benefit of all his tolling allegations. Howard admits that he knew by 2015 that he was not receiving royalties to which he allegedly was entitled. Am. Compl. 10, 13. Although Howard alleges that his incarceration "complicated" the filing of his complaint, he was released in 2017. Id. at 10. Howard did not file this action until 2025, well beyond the three-year statute of limitations, whether measured from the time he allegedly learned that he was not receiving royalties or from the date of his release. See ECF No. 1.

To the extent Howard asserts a separate copyright-infringement claim based on "Dead Presidents" and its subsequent iterations, that claim is barred

because Howard claims to be a co-author of the copyrighted material. See Am. Compl. 5, 8, 12. "[A]n action for infringement between joint owners will not lie because an individual cannot infringe his own copyright." Weissmann v. Freeman, 868 F.2d 1313, 1318 (2d Cir. 1989).

Accordingly, Howard's claims for copyright ownership and infringement are **dismissed with prejudice**.

## V.

Finally, Carter requests that Howard be declared a vexatious litigant and enjoined from filing further lawsuits against Carter on nearly identical claims. Def.'s Mem. 16–19. Carter notes that this case marks Howard's third lawsuit against Carter, and his seventh against a celebrity defendant, within the last five years. Id. at 18.

An injunction restricting a litigant from filing further actions is a "drastic measure" that should be imposed only upon a clear showing of abuse of the judicial process. Sorenson v. Wolfson, 170 F. Supp. 3d 622, 626–27 (S.D.N.Y. 2016), aff'd, 683 F. App'x 33 (2d Cir. 2017) (declining to enjoin further litigation in a "protracted and spiteful dispute" because the plaintiff's actions did "not rise to the level of harassment that has triggered anti-suit injunctions"); see also Ackerman v. Ackerman, No. 10-cv-6773, 2012 WL 407503, at *3 (S.D.N.Y. Feb. 9, 2012) (declining to enjoin a plaintiff who had filed two separate lawsuits against the defendant). Following that principle, courts have imposed filing injunctions only where the record showed far more extensive and abusive

litigation conduct. See Moates v. Rademacher, 86 F.3d 13, 14–15 (2d Cir. 1996) (incarcerated pro se plaintiff had "clearly abused the judicial process" where he filed at least twelve Section 1983 actions against prison officials and submitted "perjured testimony and altered documents" in at least four of them); In re Martin-Trigona, 737 F.2d 1254, 1259 (2d Cir. 1984) (plaintiff had "filed over 250 civil actions, appeals, and other matters throughout the United States," which were pursued with "persistence, viciousness, and general disregard for decency and logic").

In this case, Howard has filed three actions against Carter, two sounding in copyright and one in defamation. The copyright claims are related, but they are not identical: the prior copyright action concerned several albums, while this action focuses on "Dead Presidents" and related songs. Although Howard's claims are without merit, they are not so repetitive or harassing as to rise to the level of abuse of the judicial process found in Moates and Martin-Trigona. Accordingly, Carter's motion to enjoin Howard from filing further actions is **denied**.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed, those arguments are either moot or without merit.

For the reasons explained above, the defendant's motion for dismissal is **granted with prejudice**. The defendant's cross-motion to designate the plaintiff a vexatious litigant is **denied**.

The Clerk is respectfully requested to enter judgment dismissing the Amended Complaint with prejudice. The Clerk is also requested to close all pending motions and to close this case.

**SO ORDERED.**

**Dated: New York, New York**
**July 10, 2026**

**John G. Koeltl**
**United States District Judge**